**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hydentra HLP Int. Limited, | No. CV-15-00239-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Tubenn.com, et al., | |
| Defendants. | |

Before the Court is Plaintiff Hydentra HLP International Limited's Motion for Default Judgment Against Defendants Danh Manh Nguyen and Thai Nguyen. (Doc. 37.) For the following reasons, the motion is granted.

## **BACKGROUND**

Plaintiff brought this action against various pornographic websites asserting claims for copyright infringement based on the publication of numerous videos copyrighted by Plaintiff. (Doc. 1.) Plaintiff moved for leave to conduct limited discovery to determine the owners and operators of the offending websites, which the Court granted in part. (Docs. 9, 12.) Based on this early discovery, Plaintiff amended its complaint to name Danh Manh Nguyen and Thai Nguyen as Defendants. (Docs. 18, 28.) Thereafter, Plaintiff moved for leave to serve Defendants, who are located in Vietnam, via email. (Doc. 19.) The Court granted the motion and Plaintiff served Defendants via email on October 26, 2015. (Docs. 21, 25-26.) Since then, Defendants have failed to

appear. On January 26, 2016, the Clerk of the Court entered default. (Doc. 33.) Plaintiff now moves for default judgment pursuant to Fed. R. Civ. P. 55. (Doc. 37.) Plaintiff seeks $8,100,000 in statutory damages, $22,045 in attorneys' fees and costs, and a permanent injunction enjoining Defendants and their respective agents, servants, and employees from infringing upon Plaintiff's copyrighted works. (*Id.*)

## LEGAL STANDARD

When determining whether to enter a default judgment, the court should consider factors such as:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In applying these factors, "the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages." *Philip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).

## DISCUSSION

**I.  Entitlement to Default Judgment**

The first three *Eitel* factors favor entry of default judgement. "A plaintiff bringing a claim for copyright infringement must demonstrate (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1076 (9th Cir. 2006) (internal quotations and citation omitted). Plaintiff alleges that it owns the copyright to numerous videos, and that Defendants displayed 18 of these copyrighted videos utilizing five different websites, amounting to 54 separate instances of infringement. (Doc. 28, ¶¶ 44-47.) Plaintiff substantiates these allegations with declarations from Jason Tucker, Director of Battleship Stance LLC, an intellectual property management and anti-piracy investigation and enforcement company, and Jon Krogman, President of Hydrentra HLP

International Limited and its subsidiaries. (Docs. 37-2, 37-3.) Thus, Plaintiff has sufficiently alleged meritorious copyright infringement claims. Moreover, this Court likely is the only forum in which Plaintiff may obtain relief. Defendants are located in Vietnam, but the offending websites are hosted here in Arizona. (Doc. 28, ¶ 10.) Plaintiff will be prejudiced if a default judgment is not granted because it "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

The fourth factor weighs against entry of default judgment. Plaintiff seeks $8,100,000 in statutory damages. Although Rule 55 does not limit the amount that can be recovered through a default judgment, the substantial size of Plaintiff's requested damage award is cause for hesitation.

The fifth and sixth factors both weigh in favor of entry of default judgment. Plaintiff substantiates its copyright infringement claims with the declarations of Tucker and Krogman, and nothing suggests that these facts are subject to reasonable dispute. Additionally, Defendants were served with the summons and complaint but have made no effort to respond or otherwise participate in this action. Nothing suggests that Defendants' default was the result of excusable neglect.

Finally, the seventh factor generally weighs against entry of default judgment because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Defendants' failure to participate in this litigation, however, "makes a decision on the merits impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177. On balance, the Court finds that the *Eitel* factors support entry of default judgment against Defendants.

**II. Damages**

A copyright owner may recover statutory damages if the copyright was registered with the United States Copyright Office before the date of infringement. 17 U.S.C. §§ 412, 504(a). Statutory damages may range from $750 to $30,000 per copyrighted work. 17 U.S.C. § 504(c)(1). The statutory maximum increases to $150,000 per copyrighted

work in cases of willful infringement.  § 504(c)(2).

Plaintiff requests that statutory maximum for each of the 54 separate instances of copyright infringement, for a total of $8,100,000.  Plaintiff has shown that the infringed-upon videos were registered prior to infringement.  (Doc. 37-2, ¶ 23; Doc. 37-3, ¶ 25.) Plaintiff also alleges that Defendants' infringement was willful, (Doc. 28, ¶¶ 60-61), which the Court must accept as true.  *See Derek Andrew, Inc. v. Proof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) (noting that, as a result of the defendant's default, "all factual allegations in the complaint are deemed true, including the allegation of [the defendant's] willful infringement of [the plaintiff's] trademarks").  Moreover, Plaintiff provides evidence that Defendants continue to display Plaintiff's copyrighted videos on at least two of their websites, despite being served with this lawsuit.  (Doc. 37-3, ¶¶ 39-40.)  Given these circumstances, the Court finds that the statutory maximum is appropriate and awards Plaintiff the maximum statutory award per willfully infringed video, totaling $8,100,000.

### III.  Attorneys' Fees

A prevailing copyright owner may recover reasonable attorneys' fees and costs if the subject copyright was registered before the date of infringement.  17 U.S.C. §§ 412, 505.  Plaintiff requests $22,045 in attorneys' fees and costs, which reflects the $400 filing fee and 48.1 hours of work billed at a rate of $450 per hour.  (Doc. 37-4.)  Plaintiff's attorney has submitted a task-based itemization of the work performed, which includes drafting the complaints, a motion to conduct early discovery, a motion for leave to serve Defendants by alternative means, and the instant motion for default judgment.  (*Id.*)  The Court finds Plaintiff's fee request reasonable and awards $22,045 in attorneys' fees and costs.

### IV.  Injunctive Relief

Finally, Plaintiff requests that the Court permanently enjoin Defendants from infringing Plaintiff's copyrighted videos.  The Court is authorized to "grant . . . final injunctions on such terms as it may deem reasonable to prevent or restrain infringement

of a copyright." 17 U.S.C. § 502. Plaintiff has demonstrated that it has been harmed by Defendants' willful infringement and that Defendants continue to unlawfully display copyrighted works on at least two of their websites, despite notice of this lawsuit. The Court finds that injunctive relief is appropriate under the circumstances. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment, (Doc. 37), is **GRANTED**. The Clerk shall enter judgment awarding Plaintiff $8,100,000 in statutory damages and $22,045 in attorneys' fees and costs. Defendants and their respective agents, servants, and employees are permanently enjoined from infringing Plaintiff's copyrighted works. The Clerk shall terminate this case.

Dated this 26th day of October, 2016.

Douglas L. Rayes
United States District Judge